Christine A. Kingston, SBN 256503
Surf City Lawyers, APC
17011 Beach Blvd, Ste. 9000
Huntington Beach, CA 92647
Tel: (714) 533-9210
Fax: (714) 489-8150
Christine@surfcitylawyers.com

*Attorneys for* Ryan Jacobs

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Ryan Michelle Mersman<br><br>  Debtor, | Case No. 2:10-bk-27164-VZ<br><br>Chapter 7<br><br>Adv. No. |
| Ryan Michelle Mersman,<br>f.k.a. Ryan M. Jacobs,<br><br>  Plaintiff,<br><br>vs.<br><br>National Collegiate Student Loan Trusts, 2004-1, 2004-2, 2005-2, 2005-3, 2006-1<br>  Defendants. | **COMPLAINT FOR: DETERMINATION THAT STUDENT LOAN DEBT IS DISCHARGEABLE PURSUANT TO 11 U.S.C. §523(a)(8)** |

**COMPLAINT**

1.  Plaintiff and Debtor Ryan Michelle Mersman, a.k.a. Ryan M. Jacobs ("Debtor" and/or "Plaintiff") brings this adversary proceeding seeking an order determining that his student loan debt poses an undue hardship under 11 U.S.C. §523 (a)(8) and is thus dischargeable pursuant to 11 U.S.C. § 523(a)(8)(B) and is also thus dischargeable under 11 U.S.C. § 727.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 and Local Bankruptcy Rule 7008. Venue is proper pursuant to 28 U.S.C. § 1409(a).

///

**BACKGROUND FACTS**

*Ryan M. Mersman, aka Ryan Jacob's History*

3. In 2002, Ryan Mersman was accepted into the nursing program at Golden West College in Huntington Beach, California.

4. Her father had promised to pay for her schooling, but backed out, leaving her to pay for her entire schooling with loans.

5. From December, 2003 to August, 2005 Plaintiff borrowed approximately $45,000 in private education loans for her education at Golden West College in Huntington Beach, California.

6. From May, 2005 to June, 2007 Plaintiff co-signed on four additional private educational loans, totaling $65,200, for Michael E. Jacobs to attend Cypress College in Cypress California.

7. In 2007, Plaintiff and her then boyfriend Michael E. Jacobs, decided to open a coffee shop with his cousins as their business partners. They formed an S-Corp and Plaintiff was the secretary. After only a couple of months of being open the business partners changed the locks on Plaintiff and her boyfriend requiring the involvement of the Mission Viejo police department to gain access; and then on another occasion the business partners went in during closed business hours and took all of the equipment.

8. In 2008, the other partners retained counsel and sued Plaintiff, and Michael Jacobs, along with their business consultant.

9. On or about June 3, 2009 Michael E. Jacobs was arrested on felony charges of manufacturing methamphetamine and assault with a deadly weapon. The charges were later reduced to a misdemeanor. He remained in custody until sometime in November, 2009. [See Case No. VA110881 (LC-VA110881-01) in Superior Court of California, Los Angeles County]

10. As a result of Mr. Jacobs' arrest, Plaintiff moved in with her grandmother and filed for bankruptcy.

11. On November 13, 2010, Michael E. Jacobs and Ryan Mersman married.

12. At some time during the 2010-2011 year, Mr. Jacobs totaled his car. This left him sharing Plaintiff's vehicle.

13. On March 21, 2012 Ms. Mersman received a discharge under 11 U.S.C. §727.

14. During 2013, Mr. Jacobs totaled Plaintiff's 2010 Honda Civic, while under the influence of alcohol. Plaintiff paid for the costs associated with the accident and then paid for a down payment on another vehicle.

15. On September 27, 2013, National Collegiate Student Loan Trust 2005-3 filed suit against Plaintiff, case no. 30-2013-00678088-CL-CL-CJC. This case was subsequently settled with Plaintiff making a payment plan.

16. On September 27, 2013, National Collegiate Student Loan Trust 2004-1 filed suit against Plaintiff, case no. 30-2013-00678077-CL-CL-CJC. This case was subsequently settled with Plaintiff making a payment plan.

17. On October 10, 2013 National Collegiate Student Loan Trust 2004-2 filed suit against Plaintiff, case no. 30-2013-00680524-CL-CL-CJC. This case was subsequently settled with Plaintiff making a payment plan.

18. From 2014 through Separation in 2019, Michael E. Jacobs and Ryan Mersman incurred a significant amount of tax debt due to Mr. Jacobs' altering of Plaintiff's income tax withholdings without her consent.

19. In 2016, Plaintiff was forced from her rental unit due to mold and cockroaches and paid for the costs arising from this as Mr. Jacobs had been perpetually unemployed since marriage.

20. On July 19, 2019 Michael E. Jacobs and Ryan Mersman became divorced.

21. On or about August 20, 2019 Plaintiff began psychotherapy and was diagnosed with Generalized Anxiety and Post Traumatic Stress Disorders.

22. On March 24, 2022 National Collegiate Student Loan Trust 2004-2 filed suit against Plaintiff and Michael Jacobs, case no. 30-2022-01251399-CL-CL-CJC. On October 20, 2022, this case was dismissed without prejudice.

23. On April 29, 2022 National Collegiate Student Loan Trust 2004-2 filed suit against Plaintiff and Michael Jacobs, case no. 30-2022-01257039-CL-CL-CJC. This case is currently pending before the Superior Court of California, County of Orange, Central Justice Center.

24. On May 28, 2022 Michael E. Jacobs filed a voluntary petition under Chapter 7 of the Bankruptcy Code, case no. 8:22-bk-10888-SC. [Docket 1]

25. At the time of filing, Michael Jacobs owed $360,020.86 in taxes and his student loan debt totaled $155,850.00.

26. On September 19, 2022 Michael E. Jacobs received a discharge of his debts under Chapter 7 of the Bankruptcy Code.

*Ryan Mersman's Bankruptcy*

27. On April 30, 2010 Ryan Michelle Mersman filed a voluntary petition under Chapter 13 of the Bankruptcy Code, case no. 2:10-bk-27164-VZ, which included the private education loans listed as "AES/NCT."

28. On June 8, 2010, National Collegiate Trust filed Claim 7 in the amount of $157,604.07, for the seven loans in which Plaintiff had either directly borrowed or co-signed for. [See Claim 7-1]

29. The National Collegiate Trust claim consisted of the claim cover sheet, providing the address for notices as, "First Marblehead Education Resources," whose address is One Cabot Road, Medford, MA 02155.

    a. The next page shows a Non-Negotiable Credit Agreement in the amount of $10,000.00 for Ryan Mersman dated December 24, 2003;

    b. Page 3 shows a Non-Negotiable Credit Agreement in the amount of $20,000.00 for Ryan Mersman dated June 24, 2004;

    c. Page 4 shows a Non-Negotiable Credit Agreement in the amount of $15,000.00 for Ryan Mersman dated August 5, 2005;

    d. Page 5 shows a Non-Negotiable Credit Agreement in the amount of $16,300.00 for Michael E. Jacobs and co-signed by Ryan Mersman dated May 23, 2005;

    e. Page 6 shows a Non-Negotiable Credit Agreement in the amount of $16,300.00 for Michael E. Jacobs and co-signed by Ryan Mersman dated January 5, 2006;

    f. Page 7 shows a Non-Negotiable Credit Agreement in the amount of $16,300.00 for Michael E. Jacobs and co-signed by Ryan Mersman dated July 19, 2006;

    g. Page 8 shows a Non-Negotiable Credit Agreement in the amount of $16,300.00 for Michael E. Jacobs and co-signed by Ryan Mersman dated June 14, 2007.

    h. On August 9, 2010 Ms. Mersman's Chapter 13 Plan was confirmed.

30. On April 12, 2011 Ms. Mersman's case was converted to Chapter 7.

31. On March 21, 2012 Ms. Mersman received a Discharge under Chapter 7.

<u>Ms. Mersman's Student Loans</u>

32. Per documents obtained by Ms. Mersman, court records and National Collegiate Student Loan Trust Proof of Claim no. 7, and from Plaintiff herself, National Collegiate Student Loan Trust(s) were disbursed as follows:

| Date | Amount | Type | School |
| --- | --- | --- | --- |
| December 24, 2003 | $10,000 | Nxt Stdt Undergrad | Golden West |
| June 24, 2004 | $20,000 | Ed. M. Undergrad | Golden West |
| August 5, 2005 | $15,000 | Natl. City Undergrad | Golden West |
| May 23, 2005 | $16,300 | Astrive Cont. Ed. | (Co-signed) |
| January 5, 2006 | $16,300 | Astrive Ed. Loan | (Co-signed) |
| July 19, 2006 | $16,300 | Next Student | (Co-signed) |
| June 14, 2007 | $16,300 | Astrive Undergrad | (Co-signed) |

33. The disbursements total $45,000, for Ms. Mersman's education at Golden West College for her nursing program. Approximately $65,200 in loans were for Michael Jacobs' education at Cypress College in which Ms. Mersman co-signed for those loans.

34. The current balance for all student loans totals approximately $137,052.00

**FIRST CLAIM FOR RELIEF**

(Determination That a Student Loan Debt is an Undue Hardship Pursuant to 11 U.S.C. § 523(a)(8) and Is Thus Dischargeable)

35. Plaintiff incorporates by reference each and every preceding paragraph of this complaint as though fully set forth herein.

*Present Undue Hardship*

36. Plaintiff is 44 years of age and currently employed as a registered nurse with Providence Saint Johns Health Center in Santa Monica, California.

37. Debtor continues to pay for community property taxes from 2017, 2018 and 2019 with monthly payments of $549.68 per month towards this debt.

38. After her divorce was final, Debtor was left with over $15,000.00 in credit card debt in addition to the taxes she continues to pay monthly.

39. Debtor has depleted and/or borrowed against her retirement accounts to pay for some of her debts and she is repaying this 403b loan through paycheck deductions.

40. She lives a minimal standard of living and if forced to repay student loans it would cause undue hardship.

*Continuing Undue Hardship*

41. As a result of her tumultuous marriage, Debtor has post-traumatic stress and generalized anxiety. Even revisiting these issues for this present case and increased her anxiety. These conditions prevent her from increasing her income and otherwise paying her debts and those of her former spouse. She remains under the care of her therapist.

42. Debtor received no benefits from co-signing her former spouse's loans, in fact her former spouse, Michael Jacobs, has abandoned his student loans and tax obligations, leaving the Debtor on the hook, which increases her undue burden, stress and anxiety.

*Debtor's Good Faith Efforts*

43. Debtor has made a good faith effort to repay her loans and the loans she co-signed, and her payments total approximately $24,000.00 toward the loans since borrowing the funds.

44. At some time in 2014, Debtor signed several settlement agreements with National Collegiate Student Loan Trusts to stop the litigation and had been making payments until recently.

45. These loans are private student loans and thus, there were no available remedies for borrowers who cannot pay other than to default.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment in his favor, and against National Collegiate Student Loan Trusts;

A. That the Court issue a judgment declaring that the amount owed to National Collegiate Student Loan Trustee is dischargeable pursuant to 11 U.S.C. § 523(a)(8); and

B. For such other and further relief as the Court may deem just, proper, and appropriate.

Dated: January 30, 2023              SURF CITY LAYWERS, APC


By: /s/Christine A. Kingston
Christine A. Kingston,
*Attorneys for* Plaintiff